*Northern District*
No. 4628
**LUCY E. TANNEYHILL, P. P. A.**
**v.**
**RICHARD F. LUFKIN**
(April 22, 1953)

*Gadsby*, P. J. This is an action of tort brought by the minor plaintiff through her father and next friend, resulting from a *dog bite* alleged to have been inflicted by a dog owned by the defendant. The defendant filed a general denial, plea of contributory negligence and alleged violation of law.

During the course of the trial, there arose a request for a report on behalf of the defendant as a result of the introduction of a certain telephone conversation alleged to be between the father of the plaintiff and the defendant.

The evidence leading up to the said admission or evidence is as follows:

The father of the plaintiff was asked the following questions by the plaintiff's attorney:

Q.  Did you have a conversation with Mr. Lufkin?

A.  Yes.

Q.  Where did you have it?

A.  By telephone.

Q.  What was the conversation?
     Objection by the defendant.
     Objection overruled; claim of report made.

A.  I told him I had a doctor's bill and he said he would take the responsibility and would take the matter up and take care of it.

Q.  How did you know it was Mr. Lufkin?
     Objection by defendant.
     Objection overruled; claim of report made.

A.  I didn't know except that he identified himself as Mr. Lufkin.

Thereafter, the witness was cross-examined by the defendant as follows:

Q.  You never heard the voice of a Mr. Lufkin before this alleged conversation?

A.  No.

Q.  You never could recognize the voice of Mr. Lufkin?

A.  I could not.

Q.  You don't even know the number you called?

A.  I do not.

Thereafter another witness testified. The father of the plaintiff was recalled to the stand by the trial

judge. Under his interrogation, the witness said he looked in a telephone directory, didn't remember the first name of the Lufkin he called, or the telephone number; the phone was answered by a woman and he asked for Mr. Lufkin — voice answered, then he asked, "is this Mr. Lufkin," the voice answered, "yes". He told this voice who he was and further told him he had a doctor's bill of twelve dollars ($12) for care for his daughter; that the voice answered he had heard about it from his wife and he would take care of it.

This telephone conversation occurred two or three months after the alleged biting of April 16, 1951. That previous to the date of the telephone conversation he had called the wife of Mr. Lufkin and told her about it.

The evidence was sufficient for the trial judge to submit to himself as jury the question whether the plaintiff's father had such a conversation and whether the defendant was the person with whom the conversation was had. The mere fact that the witness did not recognize the voice of the defendant is not conclusive.

In *Rich v. Weeks*, 279 Mass. 452, the court ruled that the trial judge was correct in submitting to the jury the question of the identification of the defendant. The court ruled that identification may be established without recognition of the voice of the speaker. *Northeastern St. Ry., v. Plum Island Beach Co.*, 255 Mass. 104.

The trial judge could properly have found that such a conversation occurred; that the defendant stated that he was informed about the incident by his wife and that he would take care of the doctor's bill. Such in connection with other evidence was sufficient to warrant the finding that the defendant's dog bit the plaintiff.

The court might also take into consideration that the defendant introduced no evidence to rebut such evidence. It would have been a simple matter for the defendant to have denied that such a conversation took place, if such were the fact.

The next question is the disposition of the requests for rulings of law filed by the plaintiff and defendant.

The trial judge made the following finding of facts:

"1. The plaintiff, thirteen and one-half years old, on April 10, 1951, about 4 P.M. was riding on her bicycle on Nichols Street, near Florence Street, in Everett, when a dog named Prince bit her on the leg above the ankle.

2. She knew where the dog was kept as she saw him there when she used to "baby sit" next door. He was a black rust brown colored dog.

3. At the time of this occurrence she was not annoying the dog by teasing, tormenting, or abusing the dog. She did nothing to incite him to bite her.

4. A doctor attended the plaintiff four times, saw the teeth marks, and testified the wound resulting from the bite would not entirely heal but would leave a permanent scar.

5. The plaintiff's grandmother, an experienced house nurse, dressed the wound and had taken the bill of the doctor to the wife of the defendant.

6. A certified copy of the records of the City Clerk of Everett was put in evidence. According to the records, a male dog license, #8376, tag #958 was issued to Richard F. Lufkin, 90 Nichols Street, for a mongrel black and brown dog, named Prince.

7. The father of the plaintiff had talked with Mrs. Lufkin about the matter and two or three months after the bite he obtained a telephone number from the telephone directory, called that number and asked the voice that answered if he was Mr. Lufkin. He testified the voice identified himself. He then told

him that his dog had bitten Lucy Tanneyhill, his daughter, and he asked the listener if he would be responsible for the doctor's bill. The listener replied he would take the matter up and take care of it, that he had talked about it with Mrs. Lufkin.

8. From the evidence that the biting occurred on Nichols Street; that the dog was known to the plaintic as Prince by name; that the dog was described by the plaintiff's witnesses as being a dog colored black and brown; that a license was issued by the City of Everett to a Richard F. Lufkin living at 90 Nichols Street for a black and brown dog named Prince; that a Mr. Lufkin was found listed in the telephone directory; that the telephone number of the Mr. Lufkin was called by the plaintiff's father; that the person answering the telephone identified himself to the father as Mr. Lufkin; that this Mr. Lufkin knew about the bite and had been told about it by his wife; that the plaintiff's father had previously talked with Mrs. Lufkin about the bite; that the grandmother of the plaintiff had taken the doctor's bill to Mrs. Lufkin on Nichols Street, I infer and find as facts the Mr. Lufkin of the telephone conversation was the defendant and that he was the owner of the dog named Prince, whose license was #8376, tag #958, issued to Richard F. Lufkin and that this dog was the dog that bit the plaintiff.

9. I find the damages to the plaintiff to be in the amount of $312.00."

The defendant claims to be aggrieved by the denial of his requests for rulings No. 1 and No. 3, which are as follows:

1. There is no evidence that the defendant was owner of the dog, which was alleged to cause personal injury to the plaintiff.

3. There is no evidence that any dog of the defendant caused harm to the plaintiff.

These requests become inconsistent in view of the specific facts found by the trial judge and there was therefore no error in their denial.

The defendant also claims to be aggrieved because of the granting of certain requests of the plain-

tiff which are enumerated in the findings of fact made by the court. There is nothing inconsistent in the granting of these requests with the finding of facts made by the trial judge.

There being no prejudicial error committed by the trial judge in dealing with the admission of evidence of his disposition of requests for rulings of law, the report is therefore dismissed.

Attorney for the Plaintiff: Zelman, Siegal & Prager.

Attorney for the Defendant: Cardozo, Lordan, Katz & Tucker.